[Civ. No. 3971.   Second Appellate District, Division One.—December 18, 1922.]

MARGARET R. PHIPPS et al., Appellants, v. WESTERN PACIFIC DEVELOPMENT COMPANY (a Corporation), et al., Respondents.

[1] PLEADING—DEMURRER TO COMPLAINT—CONSTRUCTION.—When opposed by a demurrer a complaint must be construed most strongly against the pleader; and from the disjunctive allegation that "the plaintiffs or their predecessors in title" purchased from the defendants it may well be inferred on demurrer that none of the

plaintiffs purchased from any of the defendants as the original vendees.

[2] EQUITABLE EASEMENTS—SUBDIVISION OF LAND—RECORDATION OF MAP — RIGHT TO RESUBDIVIDE. — Where the owner of a tract of land subdivides the property under a general plan of improvement, records a map showing the sizes of the lots, with streets delineated thereon, also ground reserved for parks, and sells the land upon the representation of conditions as the plat exhibits them, he will be estopped from resubdividing portions which may remain in his hands so as to change the arrangement in a way detrimental to those who have purchased from him, or to their vendees. In such a case it will be held that the purchasers of lots have an equitable easement in the whole to the extent that such conditions as are mentioned shall not ·be varied or changed.

[3] ID.—ACTION TO ENJOIN RESUBDIVISION—UNCERTAINTIES IN COMPLAINT—DEMURRER—JUDGMENT.—In an action by the owners of lots in a tract of land that had been subdivided under a general plan of improvement, if the complaint is uncertain as to what restrictions were contained or shown upon the map recorded by the vendors, as to the form of contract used, or the restrictive covenants therein contained, as to whether the plaintiffs were original vendees or subsequent purchasers, and as to what representations were made to or relied upon by the latter, demurrers to such complaint which are specific and point out the matters of uncertainty are well taken, and upon the sustaining of such demurrers, if the plaintiffs decline to avail themselves of leave given to amend, judgment is properly entered against them.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert Brennan for Appellants.

Van Lee Hood and C. E. McDowell for Respondents.

JAMES, J.—In this action demurrers of defendants to the complaint of the plaintiffs were sustained. Plaintiffs declined to avail themselves of the leave given to amend, and judgment was thereafter entered against them. From that judgment appeal was taken.

Under the condition of the case as it appears from the foregoing statement, the question as to the correctness of

the court's ruling in sustaining the demurrers is alone presented. The demurrers presented both the general ground as to the insufficiency of the facts stated to constitute a cause of action and various particular and special grounds of uncertainty and alleged misjoinder of parties plaintiff and misjoinder of causes of action. We think that the grounds of uncertainty are those which require particular consideration. Briefly summarized, the cause of action attempted to be set forth in the complaint was one wherein the plaintiffs, as owners of lots in a tract of land which had been subdivided by the Western Pacific Development Company, defendant, asserted the right to have preserved the lots in the dimensions originally platted and to have left the streets and ways in the same position and width, including parkways established, as they existed at the time the tract was laid out. It was alleged that after selling two-thirds of the lots contained in the tract defendants proposed to replat the unsold portion, and by such replatting change the dimensions of such unsold lots, making them narrower in width, closing a portion of one of the streets, and eliminating some of the portions platted for parkways. Sufficient was alleged to show that all of the named defendants were so connected together as to make them responsible under the cause of action claimed. It was shown by the allegations of the complaint that the plaintiffs were the owners of lots in said tract, but it was not shown as to whether they were original purchasers or subsequent vendees. [1] The disjunctive form of allegation was used in that connection, by such allegations as "the plaintiffs or their predecessors in title purchased from," etc. Keeping in mind the rule that when opposed by a demurrer the complaint must be construed most strongly against the pleader, it may well be inferred that none of the plaintiffs purchased their lots from any of the defendants as the original vendees. This court recently had before it a case involving the question as to the enforceability of restrictions contained in deeds as between vendees, and in that decision the law applicable to the general subject of equitable easements was fairly stated and the leading authorities cited. (See *McBride et al.* v. *Freeman et ux.*, 39 Cal. App. Dec. 532, also (Cal.) 215 Pac. 678.) What is said in that case has applicability to the controversy here, except that the parties involved in this

action are subsequent vendees on one side and vendors or their privies on the other. **[2]** We have no doubt at all from our examination of the law applicable to like situations that, where an owner of a tract of land subdivides the property under a general plan of improvement, records a map showing the sizes of the lots, with streets delineated thereon, also ground reserved for parks, and sells the land upon the representation of conditions as the plat exhibits them, he will be estopped from resubdividing portions which may remain in his hands so as to change the arrangement in a way detrimental to those who have purchased from him, or to their vendees. In such a case, it will be held that the purchasers of lots have an equitable easement in the whole to the extent that such conditions as are mentioned shall not be varied or changed. This is a general statement which may suffer modification in the presence of other facts, such as those showing waiver of the easement right, by acquiescence in changes made. But it must be shown that the recorded maps, taken in connection with the attendant circumstances, are such as to give notice of the intent of the subdividing owner to preserve the established conditions for the benefit of the lot owners. **[3]** Plaintiffs in paragraph IV of their complaint allege that the Western Pacific Development Company in 1906 ''caused the said tract to be laid out with winding streets, with circular and oval parks at the intersection of streets and midway of the blocks, with blocks and lots irregular in size and shape, all lots having a frontage of approximately 100 feet, and caused many of said parks to be improved and embellished with trees,'' etc., ''and thereupon during the year 1906 caused to be prepared a map or plat of said tract and filed and recorded the same in the office of the recorder of Los Angeles County on the 23d day of January, 1906, in map book 9, page 10, the said tract as shown on said map consisting of about 356 acres divided into lots, blocks, parks and streets, and is located,'' etc. It is next alleged in the same paragraph: ''That thereafter and before the time when any of the plaintiffs or their predecessors in title purchased any lot in said tract from any of the defendants, said defendant, Western Pacific Development Company, caused to be printed and published a copy of said map or plat on which were shown the winding streets

and parks and the irregular blocks and lots, as original and attractive features of said tract. The varying length of the boundaries of the several lots was shown and the price at which each lot was to be sold was stated and there appeared on each lot or block a letter indicating which of the restrictions printed on said map should apply. The restrictions printed thereon being as follows: 'Restrictions: A. Houses to cost not less than $10,000. House lines to be placed 100 feet back from front property line. B. Houses to cost not less than $7,500. House lines to be placed 100 feet back from front property line. C. Houses to cost not less than $5,000. House lines to be placed 75 feet back from front property line. D. Houses to cost not less than $3,500. House lines to be placed 50 feet back from front property line. On all lots except corners, houses must be placed 15 feet from side lines. On corner lots, houses must be placed at least 25 feet from side property line on said street.' About fifty thousand copies of said map were printed and the same were used in soliciting each and every purchaser of lots in said tract and a copy was shown or given to each such purchaser, until about December, 1920. A copy of said map, marked 'Exhibit A,' is hereto attached and made a part thereof.'' It is then alleged that the development company caused to be prepared and used in the transfer of ''all lots or parcels of land in said Brentwood Park a standard form of contract of sale and a standard form of deed containing restrictive covenants and reference to that certain plat or map mentioned in Paragraph IV hereof.'' Whether the matter alleged to have appeared upon the printed copy of the map, including restrictive clauses, appeared upon the map alleged to have beeen recorded, cannot be told definitely from the allegations made. The exhibit alleged as ''A'' and attached to the complaint appears to have been a copy of the printed map and not of the recorded map. As to what the ''standard form of contract of sale'' was cannot even be surmised, and as to what restrictive covenants were meant to be referred to, where it is alleged that there was used a ''standard form of deed containing restrictive covenants,'' is likewise uncertain. As to the printed maps which were used in connection with the original sales of lots, it cannot be presumed that they were seen or relied upon by subsequent purchasers. We cannot presume that subsequent pur-

chasers had any representation upon which they were warranted in relying, except the recorded map, and that map, we must conclude, showed nothing more than the parks laid out "with blocks and lots irregular in size and shape, . . . having a frontage of approximately 100 feet," as is expressed by the allegation quoted first from paragraph IV.

One of the purposes for which injunction was sought was to prevent the defendants from selling or conveying lots free from restrictions, as it is alleged they were threatening to do. The restrictions referred to were those appearing upon the printed map, which was alleged to have been delivered to original purchasers and which was used by solicitors. It appears, it is true, in the first paragraph of the complaint, that plaintiffs purchased their lots "upon the conditions, representations and statements, and relying upon the promises, conditions, representations and statements made by the defendants or some of them as hereinafter described." But the conditions as they were thereinafter described were not such as to show that the subsequent purchasers had any notice of or relied upon the important restrictive conditions of which they claimed the benefit. Under the allegation as to the parkways and streets having been included in the "laying out" of the tract, and the allegation following that a map of the tract was "filed and recorded" in the office of the county recorder, it may, we think, be fairly said that a cause of action was stated authorizing some of the relief sought. However, the demurrers were specific and pointed as to the matters of uncertainty which have been adverted to, and there seems to be no escape from the conclusion that the points so made were well taken. Plaintiffs might have amended and cleared up the uncertainties, but they evidently felt satisfied with the sufficiency of their complaint and allowed the judgment to go as stated.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 15, 1923.

. All the Justices concurred.